IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE: ASBESTOS LITIGATION                )
                                          )
ICOM HENRY EVANS, and                     )
JOHANNA ELAINE EVANS,                     )
                                          )
                Plaintiffs,               )
                                          )
       v.                                 ) Civil Action No. 15-681-ER-SRF
                                          )
ALFA LAVAL, INC., et al.                  )
                                          )
                Defendants.               )

**REPORT AND RECOMMENDATION**

### I. INTRODUCTION

Presently before the court in this asbestos-related personal injury action is plaintiffs Icom Henry Evans ("Mr. Evans") and Johanna Elaine Evans' (together, "Plaintiffs") motion for reconsideration of defendants Foster Wheeler Energy Corporation ("Foster Wheeler") and Warren Pumps LLC's ("Warren Pumps") (together, "Defendants") motions for summary judgment in light of an intervening change in controlling law. (D.I. 219)[1] For the reasons that follow, the court recommends DENYING Plaintiffs' motion for reconsideration.

### II. BACKGROUND

On June 11, 2015, Plaintiffs originally filed this personal injury action against multiple defendants in the Superior Court of Delaware, asserting claims arising from Mr. Evans' alleged harmful exposure to asbestos. (D.I. 1, Ex. A) On August 4, 2015, the case was removed to this

---

[1] All briefing associated with this motion may be found at D.I. 219; D.I. 221; D.I. 222.

court by Foster Wheeler pursuant to 28 U.S.C. §§ 1442(a)(1), the federal officer removal statue,[2] and 1446. (D.I. 1) On October 7, 2016, Foster Wheeler filed a motion for summary judgment. (D.I. 158) On October 13, 2016, Warren Pumps filed a motion for summary judgment. (D.I. 171) Plaintiffs opposed the motions. (D.I. 177; D.I. 179) The court held oral argument on the motions on January 23, 2017.

On August 30, 2017, the court issued a Report and Recommendation ("R&R"), recommending that Defendants' motions for summary judgment be granted pursuant to maritime law. (D.I. 212) The R&R recommended granting Foster Wheeler's motion for summary judgment because Plaintiffs failed to show that a material issue of fact existed as to whether Foster Wheeler's product was a substantial factor in causing Mr. Evans' injuries.[3] (*Id.* at 9) Specifically, the R&R first found that although Foster Wheeler product identification aboard the USS Bole was established, the evidence in the record failed to create a material issue of fact concerning the substantial exposure requirement. (*Id.* at 11) After reaching such a conclusion, the R&R also found that application of the bare metal defense[4] warranted summary judgment in

---

[2] The federal officer removal statute permits removal of a state court action to federal court when, *inter alia*, such action is brought against "[t]he United States or an agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office." 28 U.S.C. § 1442(a)(1).

[3] To establish causation in an asbestos claim under maritime law, a plaintiff must show that "(1) he was exposed to the defendant's product, and (2) the product was a substantial factor in causing the injury he suffered." *Lindstrom v. A-C Prod. Liab. Trust*, 424 F.3d 488, 492 (6th Cir. 2005) (citing *Stark v. Armstrong World Indus., Inc.*, 21 F. Appx. 371, 375 (6th Cir. 2001)).

[4] Previously, courts in this Circuit recognized the "bare metal defense" under maritime law and required a plaintiff to "show that the defendant manufactured or distributed the asbestos-containing product to which exposure is alleged." *Abbay v. Armstrong Int'l, Inc.*, 2012 WL 975837, at *1 n.1 (E.D. Pa. Feb. 29, 2012). As such, a manufacturer did not have liability for harms caused by, and no duty to warn about hazards associated with, a product it did not manufacture or distribute. *See Dalton v. 3M Co.*, 2013 WL 4886658, at *7 (D. Del. Sept. 12, 2013) (citing cases); *Conner v. Alfa Laval, Inc.*, 842 F. Supp. 2d 791, 801 (E.D. Pa. 2012).

2

Foster Wheeler's favor because Plaintiffs failed to show that a material issue of fact existed as to whether Foster Wheeler provided any asbestos-containing components to be used with its boilers aboard the USS Bole. (*Id.* at 13)

The R&R recommended granting Warren Pumps' motion for summary judgment because Plaintiffs failed to show that a material issue of fact existed as to whether Warren Pumps' product was a substantial factor in causing Mr. Evans' injuries. (*Id.* at 16) Specifically, the R&R first concluded that Plaintiffs did not establish Mr. Evans' exposure to an asbestos-containing product manufactured by Warren Pumps aboard the USS Kearsarge or USS Bole. (*Id.* at 17-18) After reaching such a conclusion, the R&R also found that application of the bare metal defense warranted summary judgment in Warren Pumps' favor, because Plaintiffs failed to show that a material issue of fact existed as to whether Warren Pumps manufactured and supplied asbestos-containing pumps for the USS Kearsarge and the USS Bole. (*Id.* at 20)

Plaintiffs did not object to the court's R&R. On September 26, 2017, Judge Eduardo C. Robreno adopted the court's R&R and granted Defendants' motions for summary judgment. (D.I. 217)

On October 3, 2017, the Third Circuit issued its opinion in *In re: Asbestos Prod. Liab. Litig. (Devries)*, 873 F.3d 232 (3d Cir. 2017). In *Devries*, the court held that the bare metal defense is not an absolute bar to a plaintiff's negligence claim under maritime law. Rather, the Third Circuit held that a manufacturer of a "bare metal" product may be held liable for injuries sustained from later-added asbestos-containing materials, if the facts show that the plaintiff's injuries were a reasonably foreseeable result of the manufacturer's failure to provide a reasonable and adequate warning. *Devries*, 873 F.3d at 240. On November 8, 2017, Plaintiffs filed the pending motion for reconsideration as a result of the *Devries* decision. (D.I. 219)

## III. LEGAL STANDARD

The Federal Rules of Civil Procedure do not mention either motions for reconsideration or reargument. *See Brambles USA, Inc. v. Blocker*, 735 F, Supp. 1239, 1241 (D. Del. 1990). Courts often treat such motions as motions to alter or amend a judgment, authorized by Federal Rule of Civil Procedure 59(e).[5] *Flash Seats, LLC v. Paciolan, Inc.*, No. CIV. 07-575-LPS, 2011 WL 4501320, at *1 (D. Del. Sept. 28, 2011), *aff'd*, 469 F. App'x 916 (Fed. Cir. 2012) (citing *Silva Rivera v. State Ins. Fund Corp.*, 488 F. Supp. 2d 72, 77 (D.P.R. 2007) ("[A]ny motion seeking the reconsideration of a judgment or order is considered as a motion to alter or amend a judgment under [Rule] 59(e) if it seeks to change the order or judgment issued ....")). "A motion for reconsideration under [District of Delaware] Local Rule 7.1.5 which is timely filed and challenges the correctness of a previously entered order is considered the 'functional equivalent' of a motion to alter or amend a judgment pursuant to Rule 59(e)." *In re DaimlerChrysler AG Sec. Lit.*, 200 F. Supp. 2d 439, 442 (D. Del. 2002); *see also New Castle County v. Hartford Accident and Indemnity Co.*, 933 F.2d 1162, 1176-77 (3d Cir. 1991); *Jones v. Pittsburgh National Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990). Local Rule 7.1.5 provides that "[i]f a party chooses to file a motion for reargument, said motion shall be filed within 14 days after the Court issues its opinion or decision, with the exception of motions filed pursuant to [Rule] 59(e), which

---

[5] "A motion for reargument/reconsideration may be filed pursuant Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b)." *Evans v. Pierce*, 201 F. Supp. 3d 560, 562 (D. Del. 2016), *aff'd sub nom. Evans v. Warden James T. Vaughn Corr. Inst.*, 2016 WL 9631579 (3d Cir. Nov. 10, 2016). And although motions for reargument/reconsideration under Rule 59(e) and Rule 60(b) serve similar functions, each has a particular purpose. *Id.* (citing *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). While a motion under Rule 59(e) may show an intervening change in the controlling law, Rule 60(b), in contrast, allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Id.* at 562-63 (citing *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)).

4

shall be filed in accordance with the time limits set forth in [Rule] 59(e)." Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *In re DaimlerChrysler*, 200 F. Supp. 2d at 442 (citing *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Motions for reargument or reconsideration may not be used to rehash arguments which have already been briefed, considered and decided. *Id.* (citing *Brambles*, 735 F. Supp. at 1240). As such, a court may only alter or amend its judgment if it is presented with: (1) a change in the controlling law; (2) newly available evidence; or (3) the need to correct a clear error of law or fact to prevent manifest injustice. *Max's Seafood*, 176 F.3d at 677. Motions for reconsideration or reargument are to be granted only sparingly. D. Del. LR 7.1.5. The decision to grant such relief lies squarely within the discretion of the district court. *Flash Seats*, 2011 WL 4501320, at *2 (citing *Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999)).

## IV. DISCUSSION

The court recommends denying Plaintiffs' motion for reconsideration because it is untimely.[6] The court entered its order granting Defendants' motions for summary judgment on September 26, 2017. (D.I. 217) Treating Plaintiffs' motion as a motion under Rule 59(e), as

---

[6] Defendants also object to Plaintiffs' motion because they argue that Plaintiffs failed to effect proper service. (D.I. 221 at 3; D.I. 222 at 3 n.1) Because the court granted summary judgment on September 26, 2017, both Foster Wheeler and Warren Pumps were terminated as defendants and no longer received electronic notice of case filings. Federal Rule of Civil Procedure 5(a)(1)(D) requires service of a written motion on every party. Defendants argue that, to date, Plaintiffs have failed to effect proper service by any means identified in Rule 5(b) or by Local Rule; instead, Plaintiffs solely filed the motion via the court's CM/ECF system, a notification Defendants never received. Because Plaintiffs' motion is untimely, the court declines to fully address Defendants' service argument.

5

required by Local Rule 7.1.5, Plaintiffs had until October 24, 2017 – 28 days later – to file their motion. The Third Circuit issued its *Devries* opinion on October 3, 2017. *See Devries*, 873 F.3d 232. Plaintiffs did not file the present motion until November 8, 2017 – 43 days after the court's order granting summary judgment, and 36 days after the *Devries* opinion was published. (D.I. 219) Plaintiffs do not address the time constraints imposed by Rule 59(e) in their motion,[7] do not identify the date of the *Devries* decision, and do not attempt to present a "good cause" reason for their delayed motion. (*See* D.I. 219) The *Devries* decision was issued 21 days *before* the expiration of Plaintiffs' 28 day deadline set forth in Rule 59(e), allowing ample opportunity to timely file the motion.[8]

While the Federal Rules of Civil Procedure generally permit a court to extend time limitations for certain filings upon a showing of good cause, Rule 6(b)(2) expressly prohibits the extension of time for filing a Rule 59(e) motion. *See* Fed. R. Civ. P. 6(b)(2) ("[a] court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)."); *see also Long v. Atl. City Police Dep't*, 670 F.3d 436, 444 n.16 (3d Cir. 2012) (referencing "the explicit instruction in Rule 6 that time extensions for certain motions, including motions pursuant to Rule 59(e), are forbidden," and stating that "[d]istrict courts should of course heed that direction and hew strictly to the stated time limits, unless there is prison delay that serves as a basis for treating an untimely motion as timely."). Additionally, as explained in the Advisory Committee Notes,

---

[7] In their motion, Plaintiffs do not identify Local Rule 7.1.5 or Rule 59(e) as providing the applicable standard. Instead, Plaintiffs contend in a footnote that "[b]ecause the case is still pending, the timeline has not begun for the filing of a Motion To Alter the Judgement under Rule 59(e)." (D.I. 219 at 2 n.1) Plaintiffs go on, however, to state that "the legal basis for such a motion [under Rule 59(e)] would similarly apply here, where an intervening change in controlling law has occurred." (*Id.*)

[8] Even assuming, *arguendo*, Plaintiffs had 28 days to file their motion from the date the *Devries* opinion was issued, Plaintiffs' motion would still be untimely.

6

although the 2009 Amendment to Rule 59(e) expanded the former 10-day period for filing such a motion to 28 days, "Rule 6(b) continues to prohibit the expansion of the 28-day period." *See* Fed. R. Civ. P. 59(e), advisory committee's note (2009).

## V. CONCLUSION

For the foregoing reasons, the court recommends denying Plaintiffs' motion for reconsideration. (D.I. 219)

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objection and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: April 9, 2018

Sherry R. Fallon
United States Magistrate Judge