IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ICOM HENRY EVANS, and<br>JOHANNA ELAIN EVANS | : <br> : <br> : <br> : | Civil Action<br>No. 15-681 |
| v. | : <br> : |  |
| ALFA LAVAL, INC., et al. | : <br> : <br> : |  |

# ORDER

**AND NOW**, this **4th** day of **June, 2018**, upon consideration of Plaintiffs' motion for reconsideration[1] of this Court's September 26, 2017 order granting Defendants' motions for summary judgment (ECF No. 219), the responses thereto (ECF Nos. 221 and 222), the Report and Recommendation of Magistrate Judge Sherry R. Fallon (ECF No. 225), and the objections (ECF No. 226) and responses thereto (ECF Nos. 228, & 229) it is hereby **ORDERED** that:

(1) Plaintiffs' objections to the Report and Recommendation are **OVERRULED**;[2]

(2) The Court **APPROVES and ADOPTS** Magistrate Judge Sherry R. Fallon's Report and Recommendation;[3] and

---

[1] A Motion for Reconsideration will be granted when the party seeking reconsideration establishes "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [issued its previous decision]; or (3) the need to correct a clear error of law or fact or prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

Here, Plaintiffs contend that new law requires reconsideration of the order granting summary judgment based on the bare metal defense. Specifically, Plaintiffs filed their motion in light of the Third Circuit's decision in In re: Asbestos Prod. Liab. Litig. (Devries), 873 F.3d 232 (3d Cir. 2017), which held that the bare metal defense is not an absolute bar to a plaintiff's negligence claim under maritime law. See ECF No. 219 at 10.

(3) The motion for reconsideration is **DENIED**.[4]

**AND IT IS SO ORDERED.**

/s/ Eduardo C. Robreno
**EDUARDO C. ROBRENO,   J.**

---

[3]     The Court finds that Judge Fallon's conclusion in her Report and Recommendation ("R&R") that Plaintiffs' motion is untimely is legally correct.  As a result, the Court adopts Judge Fallon's R&R and denies the motion for reconsideration.

As stated by Judge Fallon, the Delaware district court treats a motion to reconsider as the functional equivalent of a motion to alter or amend a judgment pursuant to Fed. Civ. P. 59(e). Accenture Glob. Servs., GmbH v. Guidewire Software, Inc., 800 F. Supp. 2d 613, 622 (D. Del. 2011), aff'd, 728 F.3d 1336 (Fed. Cir. 2013); Flash Seats, LLC v. Paciolan, Inc., 07-CV-575, 2011 WL 4501320, at *1 (D. Del. Sept. 28, 2011), aff'd, 469 F. App'x 916 (Fed. Cir. 2012) ("[A]ny motion seeking the reconsideration of a judgment or order is considered as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) if it seeks to change the order or judgment issued . . . .") (quoting Silva Rivera v. State Ins. Fund Corp., 488 F.Supp.2d 72, 77 (D.P.R. 2007)).

Rule 59(e) provides that a motion under the rule must be made within 28 days after the entry of the judgment. It is undisputed that Plaintiffs failed to file their motion within 28 days of the entry of summary judgment or even within 28 days of the Third Circuit's decision in Devries. Judge Fallon concluded that the Plaintiffs' motion was subject to the 28-day deadline and, thus, was untimely.

Plaintiffs object to Judge Fallon's conclusion that Rule 59(e) applies.  However, if Rule 59(e) does not apply, then the Local Rule imposing the 14-day limit would apply to any other motion to reconsider.  As a result, it is immaterial under what Rule the motion falls because it is untimely under both Rule 59(e) and D. Del. Loc. R. 7.1.5.

[4]     The Court notes that on May 14, 2018, the Supreme Court granted the petition for writ of certiorari in Devries. If the Supreme Court upholds Third Circuit's decision, Plaintiffs may have the opportunity to appeal this Court's summary judgment decision at the close of the case.